IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT SMADO, #B03278, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-00356-SMY |
| | ) |
| DEE DEE BROOKHART, | ) |
| JANSSEN WILLIAMS, | ) |
| DR. OSMOUNDSON, | ) |
| TRAVIS JAMES, | ) |
| VIPIN SHAH, | ) |
| PHIL MARTIN, | ) |
| DAVID RAINS, | ) |
| and LEANE MROHLS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Scott Smado, an inmate who is currently incarcerated in Robinson Correctional Center ("Robinson"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was denied adequate medical care for a right hip and femoral neck fracture at Robinson in 2015 and 2016. (Doc. 1). As a result, he suffered from unnecessary pain and infection that necessitated additional surgery. *Id*. Plaintiff now seeks monetary relief against the defendants. *Id*.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

### **Complaint**

While working in Robinson's commissary on June 12, 2015, Plaintiff fell and injured his hip. (Doc. 1, p. 4). X-rays taken the same day revealed a shattered right hip and femoral neck fracture. *Id*. Plaintiff underwent surgery at an outside facility the following day. *Id*.

He returned to the prison on June 22, 2015. (Doc. 1, pp. 4, 6). Plaintiff was housed in Robinson's infirmary until July 1, 2015 and returned for further observation and care several times thereafter. (Doc. 1, p. 4). However, the Complaint does not indicate when or for how long.

Plaintiff claims that he fell several times between June 22, 2015 and July 1, 2015 and sustained further injuries. (Doc. 1, p. 4). He blames a faulty wheelchair and handicap shower seat for these falls. (Doc. 1, pp. 4, 6). The prison-issued wheelchair lacked leg supports, leaving Plaintiff's surgically repaired hip and leg unsupported. (Doc. 1, p. 6). The shower chair had a

loose seat and screws. (Doc. 1, p. 7). As Plaintiff attempted to get into and out of the wheelchair, he fell and injured himself "several times." *Id*. He also fell from the broken shower chair on June 29, 2015. *Id*.

Plaintiff notified Assistant Warden Brookhart that the faulty equipment caused him to fall and sustain further injuries. (Doc. 1, pp. 4, 7). He had at least one conversation with her about these issues between June 22, 2015 and July 6, 2015. (Doc. 1, p. 7). He also filed a grievance on or about July 12, 2015 to complain about her inaction. *Id*. However, Brookhart continued to ignore Plaintiff's complaints and took no action to ensure his safety. (Doc. 1, pp. 4, 6-7).

From July 1, 2015 through October 1, 2015, Plaintiff complained directly to his treating prison physician, Doctor Osmoundson, of ongoing pain, popping and swelling in his right hip. (Doc. 1, pp. 4, 8). He requested "medical intervention." (Doc. 1, p. 8). The doctor allegedly insisted that there was nothing wrong and recommended that Plaintiff simply continue with his exercise program. (Doc. 1, pp. 4, 8). Doctor Osmoundson failed to coordinate Plaintiff's post-operative appointments and follow-up treatment with his surgeon. *Id*. In addition, the doctor instructed Plaintiff to use a cane while his surgeon recommended against its use. *Id*. At some point, Plaintiff returned to the prison's health care unit for further observation, but Doctor Osmoundson released him back to Housing Unit #6 on September 23, 2015, despite Plaintiff's complaints of continued pain and popping. (Doc. 1, p. 4).

Plaintiff further alleges that a Physicians' Assistant, Travis James, was also "made personally aware of this ongoing pain and popping" in Plaintiff's right hip between June 13, 2015 and October 12, 2015. (Doc. 1, pp. 5, 9). James met with Plaintiff several times following surgery. (Doc. 1, p. 9). Plaintiff requested additional medical care, but James refused to issue any new order because he believed that Plaintiff was "faking symptoms." *Id*. Plaintiff asserts

that this defendant ignored his complaints and took no action to ensure his safety. (Doc. 1, pp. 4, 9).

After he began suffering from more pain and popping in his right hip and groin area on October 16, 2015, Plaintiff directed complaints to another treating physician at the prison, Doctor Janssen Williams. (Doc. 1, pp. 5, 10). Doctor Williams met with Plaintiff and examined his hip several times between June 15, 2015 and October 20, 2015. (Doc. 1, p. 10). Each time, Plaintiff complained of continued popping and pain. *Id*. Doctor Williams responded in the same manner as the other defendants. (Doc. 1, pp. 5, 10).

At some point, Plaintiff returned to the infirmary and was scheduled to undergo a second surgery on May 20, 2016. (Doc. 1, p. 5). Between March 3, 2016 and May 20, 2016, Doctor Shah made the decision to release Plaintiff back to Housing Unit #6. (Doc. 1, pp. 5, 11). Plaintiff repeatedly complained to Doctor Shah, HCU Administrator Martin and Warden Rains that he was unable to protect himself from further injury and from other inmates. (Doc. 1, pp. 5, 11-13). On three occasions (March 8, March 20 and April 12, 2016), Plaintiff allegedly had to "protect his hip from two accidents and an assault on his life" in Housing Unit #6. *Id*. He informed each of these defendants about his injuries and continued safety concerns, but they ignored or denied all of Plaintiff's complaints. *Id*.

As a result of the defendants' conduct, Plaintiff suffered from prolonged and unnecessary pain. (Doc. 1, p. 6). Infection was discovered in his right hip in February 2016. *Id*. Plaintiff maintains that he developed the infection during his original surgery on June 13, 2015. *Id*. Between his first and second surgery, he also experienced a hardware malfunction that included broken pins and displaced screws. *Id*. During the second surgery, bone, muscle, tendon, tissue

and all hardware was removed. *Id*. Plaintiff was left with "no hip bone in his right hip area while waiting on another surgery." *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

> **Count 1 -** Defendants denied Plaintiff adequate medical care at Robinson following his hip surgery in June 2015 in violation of his Eighth Amendment rights.
>
> **Count 2 -** Defendants violated Plaintiff's Fourteenth Amendment right to due process of law by ignoring or denying his grievances about continued pain, popping, infection and injury in his right hip in 2015 and 2016.
>
> **Count 3** - Defendants violated Plaintiff's rights under the Rehabilitation Act and/or Americans with Disabilities Act when they deprived him of a working wheelchair and shower seat following hip surgery in 2015.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts should not be construed as an opinion regarding their merit. **Any claims not recognized above but encompassed by the allegations in the Complaint are considered dismissed without prejudice from this action.**

## Claim Subject to Further Review

### Count 1

Prison officials violate the Eighth Amendment when they respond to an inmate's serious medical needs with deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F .3d 1364, 1371 (7th Cir. 1997). Deliberate indifference is shown when a prison official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and the official actually draws the inference. *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005).

The allegations in the Complaint suggest that all but one defendant was aware of Plaintiff's right hip injury, surgery, subsequent falls pain and popping. Nevertheless, these defendants ignored his complaints, denied his requests for further treatment, and failed to coordinate post-operative care with his surgeon. Additional surgery was necessitated by the defendants' inaction. Therefore, Count 1 shall receive further review against Defendants Brookhart, Williams, Osmoundson, James, Shah, Martin and Rains.

The only exception is Plaintiff's claim against Leane Mrohls, the inmate commissary supervisor. Although Plaintiff named this individual as a defendant, he included no allegations in his statement of claim against Mrohls. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Rather, to state a claim against an individual defendant in a § 1983 action, a plaintiff must include allegations in the Complaint which suggest that the defendant was "personally responsible for the deprivation of the constitutional right." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (citing *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Having included no allegations against this defendant, the Complaint fails to suggest Mrohls was personally involved in any deprivation of Plaintiff's constitutional rights. Accordingly, Count 1

shall be dismissed against Defendant Mrohls without prejudice and is subject to further review against all other defendants.

### Claims Subject to Dismissal

### Count 2

No claim arises against the defendants for the mishandling of Plaintiff's grievances under the Due Process Clause of the Fourteenth Amendment. Prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause per se. Thus, the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, Count 2 will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### Count 3

The Complaint makes no specific reference to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29 U.S.C. §§ 794-94e. Given that the Complaint was prepared by a *pro se* prisoner, this omission is not fatal to his claims under either the ADA or Rehabilitation Act. Courts "are supposed to analyze a litigant's claims and not just legal theories that he propounds," particularly when the plaintiff is proceeding *pro se*. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (citations omitted). Therefore, the Court will consider both claims.

To establish a violation of Title II of the ADA, a plaintiff "must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs,

or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (citing *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132)). A claim under the Rehabilitation Act is "functionally identical" to a claim under the ADA. *Id.* Plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Under the Rehabilitation Act, the relevant state agency must also accept federal funds, which all states do. *Id*. at 671 (citations omitted).

Here, Plaintiff has not alleged that he is a qualified person with a disability or that he was denied access to services or programs at Robinson because of a disability. Given the lack of allegations offered in support of either claim, the Court deems it appropriate to dismiss Count 3 without prejudice for failure to state a claim upon which relief may be granted.

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**. The motion is unnecessary where a Plaintiff is granted leave to proceed *in forma pauperis* in a civil rights action filed pursuant to 42 U.S.C. § 1983.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **DEE DEE BROOKHART, JANSSEN WILLIAMS, DR. OSMOUNDSON, TRAVIS JAMES, VIPIN SHAH, PHIL MARTIN** and **DAVID RAINS**.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendant **LEANE MROHLS**; **COUNT 2** is **DISMISSED** with prejudice against all of the defendants; and **COUNT 3** is **DISMISSED** without prejudice against all of the defendants, all for failure to state a claim upon which relief may be granted.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **BROOKHART, WILLIAMS, OSMOUNDSON, JAMES, SHAH, MARTIN** and **RAINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1),and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 5, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**
