IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT SMADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-356-SMY-RJD |
| ) | |
| DEE DEE BROOKHART, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Scott Smado filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He is proceeding in this matter on an Eighth Amendment deliberate indifference claim against Defendants Brookhart, Williams, Osmoundson, James, Shah, Martin, and Rains for denying him adequate medical care following his hip surgery in June 2015. This matter is now before the Court on several pending motions filed by Plaintiff (Docs. 76, 77, 78, 79, 83, 84, 85, 88, and 89). The Court has reviewed Plaintiff's motions and any responses thereto, and its rulings are set forth as follows.

1. **Motion for Status and Clarification (Doc. 76)**

Plaintiff asks for the status of his motion for leave to file an amended complaint filed on October 31, 2017 (Doc. 62) and his motion for recruitment of counsel filed in December 2017 (Doc. 68). Plaintiff also indicates that he does not know how to proceed at this point. Insofar as Plaintiff asks for the status of his motion to amend and motion for counsel, his Motion is **GRANTED**. Insofar as Plaintiff seeks any other relief in his motion, it is **DENIED**. Plaintiff is **ADVISED** that his motion for counsel was denied on January 8, 2018 (Doc. 74), and his motion to

amend was found moot on February 12, 2018 (Doc. 80).

   2. **Motion to Compel (Doc. 77)**

In this motion, Plaintiff asks the Court to compel Defendants Williams, James, Osmoundson, and Shah to release all of the relevant documents he requested in his second request for production of documents. In particular, Plaintiff sets forth responses to Defendants' objections to requests 1, 3, 4-6, 8, 11, 13-14, 15, and 17-18.

In request number 1, Plaintiff seeks all incident reports, investigatory reports, and photos of the scene where the fall occurred. Defendants object to the request asserting it is vague, ambiguous and capable of differing interpretations as to what "fall" Plaintiff refers to. In his response, Plaintiff asserts his request relates to the fall that occurred in the AC-10 storage room on June 12, 2015. In light of the clarification provided by Plaintiff, his motion to compel a supplemental response to request number one is **GRANTED**. Request one shall be limited to the fall that occurred on June 12, 2015. Defendants are **ORDERED** to provide a supplemental response by **May 4, 2018**.

In request number 3, Plaintiff seeks inventory logs of any and all equipment, climbing devices, and safety equipment within the storage room AC-10 from January 1, 2010 to date. Defendants object to this request asserting it seeks the production of materials that are not relevant to the claim or defense of any party. Plaintiff contends that this request seeks relevant information as it will show there are no ladders, climbing devices, or safety equipment for climbing the shelving units in the AC-10 storage room where he fell on June 12, 2015. Plaintiff's request to compel a supplemental response is **DENIED**. The information he seeks is not relevant to the claims pending against Defendants in this lawsuit.

In requests 4, 5, and 6, Plaintiff seeks any and all dates when cameras were installed in the

AC-10 storage room, any and all documents pertaining to the installation of cameras in the AC-10 storage room, and all camera footage from the AC-10 storage room from the date of installation to date. Defendants object to these requests asserting they seek the production of materials that are not relevant to the claim or defense of any party. The Court agrees. Plaintiff's motion to compel supplemental responses to requests 4-6 is **DENIED**.

In request number 8, Plaintiff seeks any and all work orders to fix, repair, or destroy all healthcare equipment, including wheelchairs, and handicap equipment from January 1, 2017 to date. Defendants indicate they had found no responsive documents, but their investigation continues. Plaintiff responded by indicating he sought all work orders submitted to the maintenance department to fix the handicap shower chair within the infirmary shower of the health care unit from June 28, 2015 to July 28, 2015. Insofar as Defendants have provided an adequate response to Plaintiff's request, his motion to compel is **DENIED**. Defendants are reminded they are under a continuing obligation to supplement their response under Federal Rule of Civil Procedure 26(e) if additional information is discovered.

In request number 11, Plaintiff seeks all documents relating to the job description and duties of all defendants in this case. Defendants responded by indicating they would produce the job descriptions for the positions they held at the material times alleged in the complaint insofar as they are involved therein, following the entry of a protective order regarding the production of such documents. Plaintiff asserts that the documents he seeks are relevant in helping him prepare his case for trial and to offer the appropriate proof against the defendants. Defendants' response is adequate; accordingly, Plaintiff's motion to compel as to this request is **DENIED**. It appears, however, that Defendants have not sought entry of a protective order concerning the above-mentioned documents. If the documents have not yet been produced for this reason,

Defendants are **ADVISED** to seek a protective order and provide the documents as soon as practicable.

In requests 13 and 14, Plaintiff seeks inventory logs and records of the tools and equipment stored in the healthcare unit supply room, including screwdrivers, pliers, wrenches, and wheelchairs, as well as statements and logs of all staff who have keys to access the tool case where screwdrivers, pliers, and wrenches are stored in the healthcare unit supply room. Defendants object to these requests asserting they seek the production of materials that are not relevant to the claim or defense of any party. Plaintiff contends these records are relevant because it will show the deliberate indifference by Defendant Martin in refusing to tighten Plaintiff's hip brace. The Court disagrees. The records sought in these requests are not relevant to the claims pending in this lawsuit and Plaintiff's motion to compel a response to the same is **DENIED**.

In request 15, Plaintiff seeks all documents, records, log books, and bed charts for the infirmary of the healthcare unit from March 1, 2016 to June 1, 2016. Defendants object to this request, asserting it seeks information not relevant to the claim or defense of any party, is overly broad in requesting "all documents" within the infirmary, does not describe the requested materials with sufficient particularity, and the burden or expense of production outweighs the likely benefit in proportion to the needs of the case. Plaintiff contends these documents are relevant to this case because they will show that his bed in the infirmary remained empty for weeks after Defendant Shah placed him in population. While the Court is mindful of the connection Plaintiff is attempting to make, these documents are not relevant to the claims in this lawsuit. Moreover, as Defendants point out, Plaintiff's request is overly broad. Accordingly, Plaintiff's motion to compel as to request 15 is **DENIED**.

In requests 17 and 18, Plaintiff seeks all statements or memorandum of statements of any

persons having knowledge of this case or facts concerning this case, as well as all statements or memorandum of statements and lists of any and all witnesses which defendants plan to use. Defendants object to these requests asserting Plaintiff is seeking information that is protected from disclosure by the attorney/client and/or insurer/insured privilege and/or the work product doctrine. Plaintiff's motion to compel is **DENIED**. Defendants, however, are **ADVISED** that they must provide disclosures in this case in accordance with Federal Rule of Civil Procedure 26, as appropriate.

3. **Motion for Leave to File Amended Complaint with a Supplemental Claim Combined (Doc. 78)**

In his initial complaint, Plaintiff alleges he fell and injured his hip on June 12, 2015, while working in the commissary at Robinson Correctional Center. Plaintiff further alleges that he continued to fall following surgery to repair his hip due to a faulty wheelchair and handicap shower seat, and that he was denied adequate medical treatment following surgery. Plaintiff is proceeding in this action on an Eighth Amendment deliberate indifference claim against Assistant Warden Dee Dee Brookhart, Dr. Janssen Williams, Dr. Osmoundson, Physician Assistant Travis James, Dr. Vipin Shah, Healthcare Unit Administrator and ADA Coordinator Phil Martin, and Warden Rains. At screening, the Court dismissed without prejudice Plaintiff's Eighth Amendment claim against Lenae Mrohl, the inmate commissary supervisor, finding that he failed to include any allegations in his statement of claim against her.

In the motion to amend now before the Court, Plaintiff seeks to reinstate his claim against Mrohl, as well as include a supplemental claim against Defendants Osmoundson and Martin. More specifically, Plaintiff alleges Osmoundson failed to send Plaintiff to physical therapy, in contravention of his surgeon's request, and Martin failed to tighten his hip brace after his third surgery on May 25, 2017.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Here, Plaintiff's proposed amendments are neither unduly delayed nor futile, nor are they brought with dilatory motive. In particular, Plaintiff has stated an Eighth Amendment claim against Lenae Mrohl for ordering him to climb a shelf that was not secured to a wall. The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

In order to prevail on a conditions-of-confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In other

words, the condition, viewed objectively, must present an excessive risk to physical safety. The subjective deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. Mere negligence, however, will not lead to liability in a § 1983 case. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (no constitutional violation where inmate was injured in a fall caused when guard negligently left a pillow on a stairway); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Where prison inmates have been injured from falling on a wet, slippery, or uneven floor, or suffered some injury caused by a dangerous condition on the premises, courts have generally found that such conditions were not objectively serious enough to implicate the Eighth Amendment. *See, e.g.*, *Christopher v. Buss*, 384 F.3d 879, 881-83 (7th Cir. 2004) (inmate injured by softball that bounced off hazardous protrusion on field was not exposed to an sufficiently serious objective risk to his safety); *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from . . . safety hazards, is not [a constitutional violation]."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Bell v. Ward*, 88 F. App'x 125 (7th Cir. 2004) (affirming the dismissal of a slip-and-fall claim on § 1915A review because accumulation of water on prison floor did not present a substantial risk of serious injury).

As the Seventh Circuit observed, "[a]n objectively 'sufficiently serious' risk . . . is one that society considers so grave that to expose *any* unwilling individual to it would offend contemporary standards of decency [such as] the acute risks posed by exposure to raw sewage, or inordinate levels of environmental tobacco smoke, or amputation from operating obviously

dangerous machinery, or potential attacks by other inmates . . . ." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (internal citations omitted). The ordinary risk of injury from voluntarily playing softball, even on an imperfect field, pales in comparison to the serious risks posed by the preceding list of hazards to which inmates might be involuntarily exposed. *Id*. A condition posing a "substantial risk" suggests a greater likelihood that serious harm might actually occur, and includes "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The *Christopher* court observed, "The state violates the proscription [against cruel and unusual punishment] when it 'so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs.'" *Christopher*, 384 F.3d at 881-82 (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)).

The conditions Plaintiff describes (being ordered to climb a shelving unit that was not secured to the wall without a ladder or other assistive device), are particularly obviously dangerous. This scenario could be considered to pose an excessive risk or even an inevitable risk of injury. Furthermore, it is apparent that Plaintiff did not voluntarily engage in this activity as he was directed by Lenae Mrohl to climb the shelving unit. On the facts alleged, taken together, the Court finds Plaintiff has stated an Eighth Amendment claim against Defendant Mrohl.

Plaintiff shall also be allowed to include the supplementary allegations against Defendants Osmoundson and Martin. However, the additional allegations do not create a new cause of action as they clearly relate to the deliberate indifference claim already pending against these Defendants.

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint with a

Supplemental Claim Combined (Doc. 78) is **GRANTED**. Plaintiff shall be allowed to amend his complaint to proceed on the following claims (the enumeration of the counts as set forth below shall be used by the Court and the parties for the remainder of this litigation):

> Count One: Eighth Amendment deliberate indifference claim against Defendants Brookhart, Williams, Osmoundson, James, Shah, Martin, and Rains for denying him adequate medical care following his hip surgery in June 2015.
>
> Count Two: Eighth Amendment claim against Defendant Mrohl for ordering Plaintiff to climb an unsecured shelving unit with deliberate indifference to a known, obvious, and substantial risk of serious bodily harm that could result from a fall.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed first amended complaint with supplemental claim combined, along with the exhibits submitted in support thereof, as the First Amended Complaint. The Court notes that although the entirety of Plaintiff's proposed first amended complaint will be filed, only the claims set forth above will proceed in this action.

The Clerk of Court shall prepare for Defendant Lenae Mrohl: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendant's places of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district

judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

### 4. Motions to Compel (Docs. 79 and 83) and Motion for Clarification (Doc. 89)

In these motions, Plaintiff indicates that he has asked Defendants to preserve evidence related to the production of the wheelchair and shower chair referenced in his complaint, and any photographs of the same. Defendants responded to Plaintiff's motion explaining that the wheelchair at issue in the complaint was replaced in August 2015 and destroyed shortly thereafter. Defendants also indicate that they have sent photographs of the handicap shower to Plaintiff. The Court has reviewed Plaintiff's deposition testimony concerning the wheelchair, as well as the photographs provided to Plaintiff, and finds that they have sufficiently complied with Plaintiff's requests. Accordingly, Plaintiff's Motions to Compel and Motion for Clarification are **DENIED**.

### 5. Motion for Contempt of Court (Doc. 84)

In this motion, Plaintiff complains that Defendant Williams falsified information based on a handwritten note that accompanied his unexecuted waiver of service. In particular, this note indicated that Dr. Williams was no longer employed by Wexford or the IDOC. Plaintiff asserts, however, that Dr. Williams is currently employed as he has been seeing patients at Robinson. Plaintiff asks the Court to hold Dr. Williams and his attorney in contempt because they provided false information to the Court. Plaintiff's Motion is **DENIED**. First, it is not clear who provided the handwritten note concerning Dr. Williams' employment status. Moreover, Dr. Williams has entered an appearance, filed an answer, and has been litigating in this case. The information Plaintiff complains was false has had no effect on this case and is not relevant at this juncture as Dr. Williams is actively involved in the litigation.

### 6. Motion for Recruitment of Counsel (Doc. 85)

Plaintiff again asks the Court to recruit him counsel for this matter arguing this case presents complex facts and reliance on medical records, and asserting he will need expert testimony that he will be unable to secure without counsel. This Court has denied Plaintiff's previous requests for counsel finding that although he has made reasonable attempts to obtain counsel on his own, he appears competent to litigate this matter. Although the Court is mindful of Plaintiff's arguments concerning the complexity of this case, the Court is not inclined to reconsider its previous decisions. Plaintiff has been engaging in discovery with Defendants and appears capable of communicating with the Court and opposing counsel. While this matter does set forth a claim of deliberate indifference to medical needs, the issues do not appear to be overly complex or beyond Plaintiff's capabilities. Accordingly, Plaintiff's Motion for Recruitment of Counsel is **DENIED**.

### 7. Motion for Correspondence and Status (Doc. 88)

Plaintiff indicates that he has several pending motions and asserts that he cannot prepare his case without the discovery he requested. Plaintiff also remarks that this is another reason he should be appointed counsel. Plaintiff's Motion for Correspondence and Status is **DENIED**. Plaintiff is **ADVISED** that the Court issues rulings on pending motions as soon as practicable. Further, it appears Plaintiff is actively engaging in discovery with Defendants, and the Court does not find recruitment of counsel necessary at this time.

**IT IS SO ORDERED.**

**DATED: April 17, 2018**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**