IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT SMADO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-cv-356-SMY-RJD |
| | ) |
| DEE DEE BROOKHART, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Scott Smado filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He is proceeding in this matter on an Eighth Amendment deliberate indifference claim against Defendants Brookhart, Williams, Osmoundson, James, Shah, Martin, and Rains for denying him adequate medical care following his hip surgery in June 2015. This matter is now before the Court on several pending motions filed by Plaintiff (Docs. 105, 129, 139, 140, 141, 142, 144, 155, and 156). The Court has reviewed Plaintiff's motions and any responses thereto, and its rulings are set forth as follows.

1. **Motion to Compel (Doc. 105)**

Plaintiff asks the Court to compel Defendants to provide all documents and placement office records from March 3, 2016 to May 20, 2016, reflecting the bed occupancy within the infirmary of the healthcare unit at Robinson Correctional Center. Defendants indicate that they have amended their responses to Plaintiff's requests for production of documents to include documentation indicating the occupancy of beds in the infirmary for the dates sought by Plaintiff. Defendants explain that the names and medical information of the offenders housed in the

infirmary have been redacted. Based on Defendants' representations, Plaintiff's Motion to Compel (Doc. 105) is **DENIED**.

2. **Motion for Recruitment of Counsel (Doc. 129)**

Plaintiff has filed a seventh motion asking the Court to recruit counsel in this matter. The Court has denied Plaintiff's previous requests finding he appears competent to litigate this matter. Plaintiff now asserts that his First Amendment rights were recently violated as Defendants have attempted to transfer him to a more dangerous facility. Plaintiff contends he needs counsel to ensure his access to the courts is not thwarted by Defendants. First, the majority of Plaintiff's motion is dedicated to explaining events of retaliation that have no relation to the underlying claims in this lawsuit. Plaintiff may always file another, separate lawsuit to bring such claims if appropriate. As to Plaintiff's contention that his access to the court may be thwarted, the Court finds such concerns to be merely speculative at this point. A review of the docket clearly indicates that Plaintiff has been able to actively litigate this case. Accordingly, the Court does not find a compelling reason to reconsider its previous decisions and Plaintiff's Motion for Recruitment of Counsel (Doc. 129) is **DENIED**.

3. **Motion to Preserve Evidence (Doc. 139)**

Defendants produced three photographs of the handicap shower bench used in the Robinson Correctional Center ("Robinson") infirmary in response to Plaintiff's discovery requests. Plaintiff now asks the Court to order Defendants to preserve the bench and take it into custody until trial. Defendants object, arguing Plaintiff has failed to specify what purpose the shower bench would serve at trial that could not be satisfied by the presentation of the photographs and Plaintiff's testimony. Defendants also explain that the bench was still in use at Robinson at the time the photographs were taken and, as such, it has not only been subjected to normal wear

and tear, but it could potentially create a burden on Robinson if it were to be removed from use. The Court finds no articulable reason for requiring Defendants to take possession of the shower bench for trial. Plaintiff has three photographs of the bench and has not provided an explanation for why the photographs would be insufficient at trial. Accordingly, Plaintiff's Motion to Preserve Evidence (Doc. 139) is **DENIED**.

4. **Motion to Inform and Disclose to Court (Doc. 140)**

Plaintiff asks the Court to "enter" his requests for admissions that were propounded on Defendants. Plaintiff is responding to Defendant James' and Osmundson's statement that his requests were not filed with the Court and he asserts he was not aware there was a need for court intervention. It appears Plaintiff is attempting to correct this perceived deficiency. Plaintiff's Motion is **DENIED** because requests to admit need not be filed with the Court. While the Court acknowledges that Local Rule 26.1(b) provides that requests to admit shall be filed with the Clerk of Court, Federal Rule of Civil Procedure 5(d) dictates that requests for admissions must not be filed with the Court and the Advisory Committee Notes on the relevant provision explains that the rule "supersedes and invalidates local rules that forbid, permit, or requiring filing" of requests for admissions.

5. **Motion to Compel (Doc. 141)**

Plaintiff asserts that Defendants failed to provide photographs per his request of the AC-10 storage room in the C-Building at Robinson. Defendants explain that they originally produced photographs of the commissary storage room, but have since corrected their mistake and produced photographs of the AC-10 Commissary Storage Room. Based on Defendants' representation, Plaintiff's Motion is **DENIED**.

6. **Motion to Compel (Doc. 142)**

In this motion, Plaintiff asks that Defendants Brookhart, Rains, and Martin be ordered to respond to his requests for admissions. Plaintiff also complains that he has not been able to review certain documents produced by Defendants in response to his second request for production of documents, number eleven. First, Plaintiff is **ADVISED** that Defendants Brookhart, Rains, and Martin filed their responses to Plaintiff's requests for admissions in a timely manner on July 5, 2018 (Docs. 158, 159, and 160). Accordingly, Plaintiff's Motion to Compel such responses is **DENIED**. Insofar as Plaintiff asks for an order compelling Defendants to provide him time to review documents referenced in Defendants' response to his eleventh request to produce, his Motion is **GRANTED**. Defendants are **ORDERED** to arrange for Plaintiff to review such documents by **August 6, 2018**.

7. **Motion of Correspondence and Request for Court Order (Doc. 144)**

Plaintiff asks the Court to issue an order directing the Robinson trust fund officer to stop taking money from his account because his mother has paid the total amount owed for this case. Plaintiff's Motion is **DENIED**. Although the Court's records indicate that the filing fee for this matter has been paid, Plaintiff failed to provide the Court with a copy of his recent trust fund statement demonstrating a deduction for the filing fee in this case since such time. Plaintiff may refile his motion; however, he must provide documentation to evidence his claims.

8. **Motion to Compel (Doc. 155)**

In this motion, Plaintiff asks the Court to order Defendant James to supplement his response to requests to admit numbers 15 and 19. Plaintiff's motion is **GRANTED** as to request number 15 and **DENIED** as to request number 19. Defendant James shall supplement his response to number 15 by **August 6, 2018**. The Court finds James' response to number 19 adequate, as he indicates what his note from October 12, 2015 stated. No supplemental response

is necessary.

9. **Motion to Compel (Doc. 156)**

In this motion, Plaintiff asks the Court to order Defendant Osmundson to supplement his response to requests to admit numbers 17 and 19. Plaintiff's motion is **DENIED**. The Court has reviewed Plaintiff's requests and Defendant's responses thereto and finds the responses to be adequate. Although Plaintiff may not have the answer he would like, Dr. Osmundson responded appropriately.

**IT IS SO ORDERED.**

**DATED: July 23, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**