**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SCOTT SMADO, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 17-CV-356-SMY-RJD** |
| | ) | |
| DEE DEE BROOKHART, JANSSEN | ) | |
| WILLIAMS, DR. OSMOUNDSON, | ) | |
| TRAVIS JAMES, DR. VIPIN SHAH, PHIL | ) | |
| MARTIN, DAVID RAINS, and LENAE | ) | |
| MROHL, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Scott Smado, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Robinson Correctional Center ("Robinson"). Smado is proceeding on an Eighth Amendment deliberate indifference claim against Defendants Brookhart, Williams, Osmoundson, James, Shah, Martin, and Rains for denying him adequate medical care following his hip surgery in June 2015. Smado is also proceeding on an Eighth Amendment claim against Defendant Mrohl for ordering him to climb an unsecured shelving unit with deliberate indifference to a known, obvious, and substantial risk of serious bodily harm.

This matter is now before the Court on Smado's Motion to Inform this Court of Defendants' Acts of Retaliation against Plaintiff and Interfering with Evidence (Doc. 97), Motion for Temporary Restraining Order (Doc. 107), Motion for Emergency Temporary Restraining Order and Preliminary Injunction (Doc. 124), and Motion to Inform the Court (Doc. 143). For the following reasons, Smado's motions are **DENIED**.

## The Motions

***Motion to Inform this Court of Defendants' Acts of Retaliation and Interfering with Evidence (Doc. 97) and Motion for Temporary Restraining Order (Doc. 107)***

In his motion to inform, construed by the Court as a motion for preliminary injunction, Smado asserts that after he received photographs from Defendants of the shower chair in the healthcare unit in response to his written discovery request, he discovered that Inmate Holland, an inmate worker in the healthcare unit, knew the photographs were taken. He alleges Defendants are involving inmates in this case in a possible attempt to retaliate against him because inmates at Robinson are regularly used to snitch and provide information to staff. Smado asks the Court to intervene and order Defendants to fire Holland or reassign him to a job outside of the healthcare unit to prevent further retaliation. Smado also asks the Court to order Defendants not to use inmate healthcare unit workers to interfere or retaliate in this litigation, or have any information or otherwise be involved in the evidence in this case. Finally, Smado requests that Defendants be ordered to turn over the properly requested evidence, but does not specify what evidence he is referencing.

In his Motion for Temporary Restraining Order, Smado reiterates his issues with Inmate Holland and asserts he could be harmed by Holland. He requests that Holland be kept separate from him.

Defendants maintain that no inmates were involved in taking photographs of the shower chair at issue in Smado's motions and argue that Smado has not alleged he suffered from any retaliation or conduct that could be construed as adverse related to the filing of this lawsuit.

***Motion for Emergency Temporary Restraining Order and Preliminary Injunction (Doc. 124) and Motion to Inform the Court (Doc. 143)***

In his Motion for Emergency Temporary Restraining Order, Smado explains that he was assaulted and sustained eye injuries on April 6, 2016. He erroneously contends that this incident

was included in a failure to protect claim against Defendant Warden Rains in his Complaint that was filed on April 26, 2017. Smado claims he was supposed to have surgery to repair his eye while he was at Robinson, but had to refuse the surgery because he was going to be transferred to Danville Correctional Center ("Danville"), a higher security institution. He contends he should not have to be sent to Danville to receive his surgery, and requests that the Court: (1) intervene and order Defendants to complete his eye surgery at his parent institution of East Moline Correctional Center; and (2) order Defendants to cease and desist their continuing retaliatory acts and deliberate indifference to his medical need related to the two year delay for his eye surgery.

Defendants assert that treatment for Smado's eye condition and alleged retaliatory conduct are not part of this lawsuit. Defendants also assert that Smado was set to be transferred to Danville on May 9, 2018 and housed in the infirmary in order to be in close proximity to the outside facility that was set to treat his orbital fracture. They note that Smado signed a Medical Services Refusal on May 7, 2018 because he refused to be transferred to Danville for his care.

Smado also filed a Motion to Inform the Court (Doc. 143), asking the Court to grant his motion for temporary restraining order and preliminary injunction. Attached to his motion is an affidavit in which Smado recounts a conversation he had with Defendant Rains about his eye surgery. During that conversation, Rains allegedly told Smado he did not know how long it would be before he could be reapproved for his eye surgery.

## Discussion

A Temporary Restraining Order ("TRO") may issue without notice only if: (1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b).

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, the plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). If the plaintiff meets his burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* Additionally, under the Prison Litigation Reform Act, a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, a preliminary injunction binds only the parties, their officers or agents, or persons in active concert with the parties or their agents. Federal Rule of Civil Procedure 65(d)(2).

Smado has failed to demonstrate that he is entitled to a TRO and/or preliminary injunction in this case. First, with regard to Smado's claims concerning Inmate Holland, his assertion that Defendants informed Holland about the evidence in this case or have engaged in retaliatory conduct is without evidentiary support. Defendants submitted the Affidavit of Michelle Neese, the current Assistant Warden of Programs at Robinson, who attests that she took the photographs of the shower chair and did not speak with any inmates or other correctional staff members aside from the Medical Records Director concerning the same. Smado offers no evidence that any other official or Defendant told Holland about this case or the evidence being

procured. Smado also has no evidence and makes no argument that he has been harmed in any way by Inmate Holland's knowledge of the photographs. Thus, he has failed to demonstrate that he will suffer irreparable harm if the Court does not order Holland to be fired or reassigned. Smado's request for injunctive relief related to Inmate Holland is therefore denied.

Smado's requests for injunctive relief concerning his eye surgery and treatment for the same must also be denied. There is no apparent relationship between the facts and allegations contained in Plaintiff's motion and those in the Complaint. Smado is not proceeding in this case on a failure to protect claim against Defendant Rains, and there is no mention of an eye injury or treatment for the same in his Complaint. Smado's claims in this case are solely related to medical treatment for his hip injury. A motion for preliminary injunction or TRO is not a proper avenue to pursue additional claims and, as such, Smado's request for the same related to treatment for his eye injury is denied.

## Conclusion

For the foregoing reasons, Plaintiff Scott Smado's Motion to Inform this Court of Defendants' Acts of Retaliation against Plaintiff and Interfering with Evidence (Doc. 97), Motion for Temporary Restraining Order (Doc. 107), Motion for Emergency Temporary Restraining Order and Preliminary Injunction (Doc. 124), and Motion to Inform the Court (Doc. 143) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 13, 2018**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**