IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT SMADO, )
)
    Plaintiff, )
)
v. ) Case No. 3:17-cv-356-SMY-RJD
)
DEE DEE BROKHART, et al., )
)
    Defendants. )

## ORDER

**DALY, Magistrate Judge:**

Plaintiff Scott Smado filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He is proceeding in this matter on an Eighth Amendment deliberate indifference claim against Defendants Brookhart, Williams, Osmoundson, James, Shah, Martin, and Rains for denying him adequate medical care following his hip surgery in June 2015, and an Eighth Amendment claim against Defendant Mrohl for ordering Plaintiff to climb an unsecured shelving unit. This matter is now before the Court on several pending motions filed by Plaintiff (Docs. 161, 165, 167, 176, 183, 184, and 186). The Court has reviewed Plaintiff's motions and any responses thereto, and its rulings are set forth as follows.

   **1. Motion to Compel (Doc. 161)**

In this motion, Plaintiff takes issue with the IDOC Defendants' response to number three of his Sixth Request for Production of Documents, which asks for "[m]easurements of the shelving units in the AC-10 storage room at Robinson Correctional Center from distance bottom of floor (*sic*) to top shelfs (*sic*) and photographs of these measurements." Defendants objected on the basis that they are not required to create photographs of measurements or take measurements for

Plaintiff. However, Defendants have provided seven photographs of the AC-10 Commissary Storage at Robinson, at least one of which depicts the shelving units from which Plaintiff fell. Plaintiff requests that photographs of measurements be taken and that he be present for the taking of these photographs. Plaintiff asserts that if this motion is denied he should be appointed counsel. Plaintiff's motion to compel Defendants to provide such measurements is **DENIED**. Defendants are correct in that they are not required to create photographs or evidence to assist Plaintiff in litigating his claims. Plaintiff has photographs that evidence the height of the shelving unit and, as such, Defendants have sufficiently responded to Plaintiff's discovery request.

2. **Motion to Compel (Doc. 165)**

In this motion, Plaintiff contends Defendant Mrohls failed to adequately respond to his eighth request for admission (a review of the requests reveals that number nine is actually at issue). In this request, Plaintiff asks Defendant Mrohls to admit that "on June 12, 2015 the Plaintiff had to climb down from the shelving unit in the AC-10 storage room without the assistance of a ladder or safety device." Defendant responded, denying that "Plaintiff was forced to climb down from any shelving unit without a ladder on June 12, 2015." Plaintiff submits that he did not ask if he was forced to climb down from the shelving unit and asks the Court to order Defendant Mrohls to answer the question properly. Defendant filed an amended response to this request on August 13, 2018, stating that "Defendant denies Plaintiff was forced to, or had to, climb down from any shelving unit without a ladder on June 12, 2015. Defendant admits that had Plaintiff requested a ladder, Defendant Pinnick [Mrohls] would have retrieved a ladder." Based on the amended response, the Court **DENIES** Plaintiff's request to compel any further response as the supplemental response is sufficient.

Plaintiff also contends that Defendant Martin's response to his ninth request for admission

is insufficient. In this request, Plaintiff asks Defendant Martin to "admit that when [Martin] learned of plaintiff's fear for his health and safety [Martin] did not direct the issue to the relevant security." Defendant Martin objected to this request asserting it is argumentative and irrelevant to the claims in this case. The Court agrees. Despite the interrogatory responses Plaintiff relies on to support his assertion, Defendant's objection to request for admission number nine is appropriate and is sustained and Plaintiff's request to compel any further response is **DENIED**.

Finally, Plaintiff asks the Court to compel Defendant Rains to respond to numbers 14, 15, and 16 of his requests for admissions. Defendant objected to these requests as not relevant to Plaintiff's claim of deliberate indifference and outside the scope of the discovery. Plaintiff posits that because he alleged in his complaint that he had to protect his hip from an assault on his life, his requests are relevant. The Court disagrees. The claim against Defendant Rains is limited to his failure to provide Plaintiff adequate medical care while Plaintiff was at Robinson after his hip surgery. Accordingly, Plaintiff's motion to compel any further response to the above-mentioned requests to admit is **DENIED**.

3. **Second Motion to Compel (Doc. 167) and Motion Requesting a Contempt of Court Order and Obstruction of Justice (Doc. 183)**

In his Second Motion to Compel, Plaintiff contends that Defendants Shah, James, and Osmundson have failed to designate a person at Robinson so that he may review documents responsive to his eleventh request for production of documents. Defendants did not respond to this Motion. Subsequently, Plaintiff filed his Motion Requesting a Contempt of Court Order and Obstruction of Justice (Doc. 183). In that motion, Plaintiff explains that he was only given ten minutes to review three pages of documents, front and back. Plaintiff contends that this was not sufficient time for him to review the documents and requests a reasonable amount of time to do

so. No response to this motion has been filed. Based on Plaintiff's representation that he has not yet had a sufficient opportunity to review the relevant documents, his Motion to Compel (Doc. 167) is **GRANTED**. If not yet completed, Defendants are **ORDERED** to arrange to have Plaintiff review the relevant documents by **October 11, 2018**. Defendants should arrange for the review to last at least 30 minutes. As Plaintiff has failed to make a showing that Defendants acted in contempt of this Court or obstructed justice, his request for such relief is **DENIED**.

4. **Motion for Recruitment of Counsel (Doc. 176) and Motion to Notify of Update (Doc. 184)**

Plaintiff asks the Court to recruit him counsel to this matter as he is set to undergo eye surgery in the near future as he signed off on the relevant paperwork on August 13, 2018. Plaintiff indicates that he suffered a severe eye injury, including an orbital blowout fracture that causes blurriness and double vision. Although the Court is mindful of the issues Plaintiff's eye surgery presents, it finds him otherwise competent to litigate this matter. Plaintiff has demonstrated a clear understanding of the law and tools of discovery in this case. Plaintiff is free to seek reasonable extensions of the deadlines in this matter if appropriate and necessary due to his eye condition; however, the Court notes that his eye surgery should improve his vision, rather than be an impediment. For these reasons, Plaintiff's Motions are **DENIED**.

5. **Motion to Compel (Doc. 186)**

In this motion, Plaintiff asks the Court to order Defendants Martin, Mrohl, and Brookhart to respond to Plaintiff's requests for admissions served on July 11, 2018. Defendants objected to the requests on the basis that discovery closed August 9, 2018 and, pursuant to the Court's Scheduling and Discovery Order, "[w]ritten discovery requests must be mailed to a party at least 30 days before the discovery deadline." Plaintiff contends that because this Court extended the

deadline for Defendants to respond to a motion to compel to August 13, 2018, this, in effect, extended the discovery deadline and Defendants should be ordered to respond. The Court disagrees. Plaintiff incorrectly applies the Court's extension of a deadline to respond to a motion to compel as an extension of the discovery deadline. The discovery deadline is and was August 9, 2018. Accordingly, Plaintiff failed to serve his supplemental requests for admissions in a timely manner under the Court's Scheduling and Discovery Order. The Court further notes that Defendants' submission of their responses to Plaintiff's initial requests for admissions on July 10, 2018, does not change this deadline. For these reasons, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 21, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**